# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
|  | ) |
|  | ) Case No. 1:19CR00015 |
|  | ) |
| v. | ) **OPINION AND ORDER** |
|  | ) |
| **MICHAEL J. NOBLE, JR.,** | ) JUDGE JAMES P. JONES |
|  | ) |
| Defendant. | ) |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The court considers whether the hearsay statements of young children regarding their contacts with a defendant on supervised release may be admitted at the defendant's upcoming revocation hearing without their presence or the opportunity to cross-examine them. After careful consideration of the record, the statements will be admitted.

I.

Michael J. Noble, Jr., was sentenced to 120 months' incarceration in the Eastern District of Tennessee on November 28, 2012, following his conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). After serving his sentence, he was placed on supervised release for a term of 20 years. In 2019, his supervision was transferred to this District. The government now asserts

that Noble has committed seven violations of his supervised release, including committing Virginia state crimes, engaging in the excessive use of alcohol, and having contact with nonrelative minors absent the requisite permission. Am. Supervised Release Violation Rep. 5–7, ECF No. 40. The government alleges that the children of Noble's then girlfriend, ages 8, 10, and 13, accompanied Noble to parks and playgrounds. Additionally, it is claimed that there were multiple occasions where the youngest two children woke up in the bed that they shared with their mother and found that Noble was also in the bed. At one point, it is alleged, the oldest child accompanied the defendant to a liquor store to obtain alcohol for her mother and Mr. Noble.

The government bases these allegations, at least in part, on forensic interviews conducted with each of the children, who will not be present at the revocation hearing. Instead, the government proposes to introduce hearsay testimony of the children's statements given when they were interviewed. The defendant objects, contending that his counsel should have the opportunity to cross-examine the children at that hearing.

## II.

Under Rule 32.1, a defendant at a revocation hearing is entitled to "question any adverse witness unless the court determines that the interests of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). That is because

revocation proceedings are considered informal "in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012). But the Supreme Court has provided that in revocation proceedings due process requires "a right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Moreover, our Circuit precedent requires a balancing test in which the court must weigh the defendant's interest in confronting an adverse witness with any showing of good cause and reliability. *United States v. Ferguson*, 752 F.3d 613, 617–18 (4th Cir. 2014) (citing *Doswell*, 670 F.3d at 530).

The credible risk of fear or retraumatization may satisfy the good cause standard in a revocation proceeding. *United States v. Rocco*, No. 18-CR-00420-23 (ALC), 2023 WL 2308514, at *5 (S.D.N.Y. Mar. 1, 2023); *United States v. Hykes*, 653 F. Supp. 3d 913, 930 (D.N.M. 2022).

Based on the ages of the children and on the opinion of Summer Reed, a childcare professional employed by the local Department of Social Services, Tr. 9–10, ECF No. 51, I find it would likely be psychologically detrimental to the children here to testify in person. Of course, "reliability is a crucial factor in [the] balancing test," *Doswell*, 670 F.3d at 531, and I find that the hearsay statements are reliable, given the circumstances under which they were given. The children were

interviewed by a professional child advocate and their statements will be testified to by a police officer and a probation officer of this Court, who were both present during the interviews. In addition, each interview was videotaped, and I find that the videos support the introduction of this important evidence over any possible detriment to the defense.

Any harm to the defendant by not having an opportunity to cross examine the children will be mitigated by the fact that the video recordings of the statements may assist defense counsel in highlighting any parts of the statements favorable to the defendant. "Considering the wealth of information" available, the hearsay statements would hardly be prejudicial. *United States v. Combs*, 36 F.4th 502, 508 (4th Cir. 2022).

### III.

For the reasons stated, it is **ORDERED** that the government's Motion for Leave to Present Hearsay Testimony at the Defendant's Supervised Release Revocation Hearing, ECF No. 22, and the government's motion to permit the absence of juvenile witnesses, ECF No. 44, are GRANTED.

ENTERED: February 15, 2024

/s/ JAMES P. JONES
Senior United States District Judge